## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

SECURITIES AND EXCHANGE
COMMISSION,

                       Plaintiff,

               v.

CHARLES M. SCOTT, JR., et al.,

                     Defendants.

C.A. No. 4:16cv23-RH/CAS

## JUDGMENT AS TO DEFENDANT CHARLES M. SCOTT, JR.

The Securities and Exchange Commission having filed a Complaint and Defendant Charles M. Scott, Jr. ("Defendant") having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a)    to employ any device, scheme, or artifice to defraud;

(b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

by, directly or indirectly, (i) creating a false appearance or otherwise deceiving any person, or (ii) disseminating false or misleading documents, materials, or

2

information or making, either orally or in writing, any false or misleading statement in any communication with any investor or prospective investor, about the assets, liabilities, or financial position of any public company or investment opportunity.

## II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the

light of the circumstances under which they were made, not

misleading; or

(c)    to engage in any act, practice, or course of business which operates or

would operate as a fraud or deceit upon any person,

by, in connection with the purchase or sale of any security, making, directly or

indirectly, any materially false or misleading statement or omission of material fact

in any communication, either orally or in writing, with any investor or prospective

investor or in any public filing with the Commission regarding the assets,

liabilities, or financial position of any public company or investment opportunity.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

Defendant, and Defendant's agents, servants, employees, and attorneys, and those

persons in active concert or participation with them who receive actual notice of

this Judgment, by personal service or otherwise, and each of them, be and hereby

are permanently enjoined and restrained from violating Section 13(b)(5) of the

Exchange Act [15 U.S.C. § 78m(b)(5)] and Rule 13b2-1 thereunder [17 C.F.R. §

240.13b2-1] by:

4

(a)   knowingly circumventing or knowingly failing to implement a system

of internal accounting controls or knowingly falsifying or causing to

be falsified any book, record, or account of any issuer which has a

class of securities registered pursuant to Section 12 of the Exchange

Act [15 U.S.C. 78l] or any company which is required to file reports

pursuant to Section 15(d) of the Exchange Act [15 U.S.C. 78o(d)];

(b)   falsifying or causing to be falsified, directly or indirectly, any book,

record or account of any company which has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l]

or any company which is required to file reports pursuant to Section

15(d) of the Exchange Act [15 U.S.C. 78o(d)].

**IV.**

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

Defendant, and Defendant's agents, servants, employees, and attorneys, and those

persons in active concert or participation with them who receive actual notice of

this Judgment, by personal service or otherwise, and each of them, be and hereby

are permanently enjoined and restrained from violating Rule 13b2-2 [17 C.F.R. §

240.13b2-2] promulgated under the Exchange Act, by, as an officer or director of

5

an issuer, (a) making or causing to be made a materially false or misleading

statement or (b) omitting to state, or causing another person to omit to state, any

material fact necessary in order to make the statements made, in light of the

circumstances under which they were made, not misleading, to an accountant in

connection with: (1) any audit, review, or examination of the financial statements

of an issuer required to be made pursuant to Section 13 of the Exchange Act [15

U.S.C. § 78m]; or (2) the preparation or filing of any document or report required

to be filed with the Commission.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that

Defendant, and Defendant's agents, servants, employees, and attorneys, and those

persons in active concert or participation with them who receive actual notice of

this Judgment, by personal service or otherwise, and each of them, be and hereby

are permanently enjoined and restrained from violating, directly or indirectly,

Section 14(a) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C.

§ 78n(a)] and Rule 14a-9 [17 C.F.R. § 240.14a-9] thereunder, from, directly or

indirectly, making solicitations by means of any proxy statement, form of proxy,

notice of meeting or other communication, written or oral, containing any

statement which, at the time and in the light of circumstances under which it is

made, is false or misleading with respect to any material fact, or which omits to

state any material fact necessary in order to make the statements therein not false

or misleading or necessary to correct any statement in any earlier communication

with respect to the solicitation of a proxy for the same meeting or subject matter

which has become false or misleading.

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

Defendant, and Defendant's agents, servants, employees, and attorneys, and those

persons in active concert or participation with them who receive actual notice of

this Judgment, by personal service or otherwise, and each of them, be and hereby

are permanently enjoined and restrained from aiding and abetting any violation of

Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20, 13a-1,

13a-11, and 13a-13 thereunder [17 C.F.R. §§ 240.12b-20, 240.13a-1, 240.13a-11,

and 240.13a-13] by knowingly or recklessly providing substantial assistance to an

issuer that has a class of securities registered pursuant to Section 12 of the

Exchange Act [15 U.S.C. § 78l] or Section 15(d) of the Exchange Act [15 U.S.C. §

78o(d)] in failing to file with the Commission such accurate and complete

information, reports, and documents as are required to be filed with the

Commission pursuant to Section 13(a) of the Exchange Act [U.S.C. § 78m(a)] and

the Rules thereunder, including but not limited to annual reports on Form 10-K [17

C.F.R. § 249.310], current reports on Form 8-K [17 C.F.R. § 249.308], and

quarterly reports on Form 10-Q [17 C.F.R. § 249.308a], and such further material

information, if any, as may be necessary to make the required statements, in light

of the circumstances under which they are made, not misleading.

## VII.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that

Defendant, and Defendant's agents, servants, employees, and attorneys, and those

persons in active concert or participation with them who receive actual notice of

this Judgment, by personal service or otherwise, and each of them, be and hereby

are permanently enjoined and restrained from aiding and abetting any violation of

Section 13(b)(2) of the Exchange Act [15 U.S.C. § 78m(b)(2)] by knowingly

providing substantial assistance to an issuer which has a class of securities

registered pursuant to Section 12 of the Exchange Act [15 U.S.C. 78l] or any

company which is required to file reports pursuant to Section 15(d) of the

Exchange Act [15 U.S.C. 78o(d)] that:

(a)     fails to make or keep books, records, or accounts which, in reasonable

        detail, accurately and fairly reflect the transactions and dispositions of

        the issuer's assets; or

(b)     fails to devise and maintain a system of internal accounting controls

        sufficient to provide reasonable assurances that (i) transactions are

        executed in accordance with management's general or specific

        authorization; (ii) transactions are recorded as necessary (A) to permit

        preparation of financial statements in conformity with generally

        accepted accounting principles or any other criteria applicable to such

        statements, and (B) to maintain accountability for assets; (iii) access

        to assets is permitted only in accordance with management's general

        or specific authorization; and (iv) the recorded accountability for

        assets is compared with the existing assets at reasonable intervals and

        appropriate action is taken with respect to any differences.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that,

pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and

Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited

9

from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

## IX.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)].  The Court shall determine the amount of the civil penalty upon motion of the Commission.  In connection with the Commission's motion for civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that he did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of the Consent or this Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and

documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## XI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. § 523] the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

11

## XII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## XIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and without further notice.

SO ORDERED on March 23, 2016.

s/Robert L. Hinkle
United States District Judge